**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAY LINDSEY,

      Plaintiff - Appellant,

v.

FBI OFFICES; U.S. ATTORNEY
OFFICES; DEPARTMENT OF
JUSTICE; JEAN, Agent; RODGERS,
Head Counsel; HUFF, Co-Director;
THE POLICE DEPARTMENT OF
HEALDTON, past and present;
TYSON'S CRIME FAMILY, of Little
Rock, Arkansas; BILL LASSITOR'S
CRIME FAMILY, of Little Rock,
Arkansas;  BROWN'S CRIME
FAMILY, of Carter County,
Oklahoma a/k/a Dixie  Mafia;
HEARTLAND NURSING HOMES;
JOHN SHELTON a/k/a Roy Spears;
MERCY HOSPITAL, at Ardmore;
DR. TROOP; DR. BARBOUR; THE
POLICE DEPARTMENT OF
HEALDTON, of Latin descent, and
their families, as they're all involved;
BOB, a Mercy Hospital
Administrator; NOVELLA, Claude
Wood's Aunt; CHRISTY AYCOX;
DR. NEWEY; READ'S  WAL-MART
CRIME FAMILY; CARTER
COUNTY DEPUTY, known as Hoss;
M&M FENCE CO., its owners,
employees, stockholders, families;
EARL, past Carter County
Undersheriff (he was involved in the
evidence locker deal too); HARVY

No. 03-7038
(D.C. No. 02-CV-193-P)
(E.D. Oklahoma)

BURKHART; BELL WRECKER; BULLOCKS EXPRESS; GREAT WEST CASUALTY COMPANY; JANET DOE, daughter of an Ardmore Police Department Officer Brass,

Respondents-Appellees.

## ORDER AND JUDGMENT[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. *See* Fed. R. App. P. 34(a)(2)(C). The case is therefore ordered submitted without oral argument.

Ray Lindsey filed a lawsuit seeking actual damages, punitive damages, injunctive relief, and a "smart money award" as a result of the FBI's and the various federal defendants' conspiring with approximately 75 identified and unidentified defendants for the murder of his brother, Danny Lindsey, his mother, Flora Woods, and the attempted murder of Mr. Lindsey himself. He seeks $8

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

million in actual damages, $8 million in punitive damages, an $8 million "smart money award," class action certification, unspecified injunctive relief, and the removal of the federal defendants from their employment.

Several of the defendants filed various motions to dismiss Mr. Lindsey's complaint. The district court ruled that Mr. Lindsey had not alleged any injury that would support a RICO claim. The court also determined that Mr. Lindsey failed to demonstrate actual state action by defendants who are not officials of the state. With regard to Mr. Lindsey's conspiracy claims, the district court found that Mr. Lindsey failed to show a deprivation of his civil rights as a result of the conspiracy. Finally, the district court found that Mr. Lindsey failed to allege any personal participation of the named defendants or to "demonstrate an actual conspiracy or that those persons acted under color of state law." Rec. doc. 111 (Dist. ct. order filed Feb. 12, 2003) at 9. The district court also denied Mr. Lindsey's motions for reconsideration. Mr. Lindsey now appeals.

On appeal, Mr. Lindsey appeals all issues decided by the district court. In addition, he raises various new issues on appeal, which we will not address for failure to raise them before the district court, *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) (noting that absent "extraordinary circumstances," we do not consider arguments raised for the first time on appeal). He also alleges that the district court judge acted with bias and prejudice, and that

he conspired with the defendants when he granted the motions to dismiss in an attempt to cover up the lies of the defendants. Mr. Lindsey also seeks to proceed in forma pauperis before this court.

"We review de novo the district court's grant of a 12(b)(6) motion to dismiss." *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002) (internal quotation marks omitted). We liberally construe Mr. Lindsey's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

We have reviewed the numerous filings by Mr. Lindsey presented to this court, the briefs on appeal, the district court order, and the entire record before us. We AFFIRM the granting of the defendants' motions to dismiss all of the outstanding claims against all of the defendants for substantially the same reasons set forth in the district court's thorough order dated Feb.12, 2003, a copy of which is attached. We DENY Mr. Lindsey's motion to proceed in forma pauperis. All other outstanding motions are denied.

Entered for the Court,

Robert H. Henry
Circuit Judge

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

RAY LINDSEY, )
)
Plaintiff, )
)
v. ) No. CIV 02-193-P
)
FBI OFFICES, et al., )
)
Defendants. )

**FILED**

FEB 1 2 2003

~~ ...en B. Guthrie
Clerk, U.S. District Court

Deputy Clerk

## ORDER

This action is before the court on certain defendants' motions to dismiss. The court has before it for consideration plaintiff's complaint [Docket #1], his amendment to the complaint [Docket #84], the defendants' motions, and plaintiff's responses. Plaintiff brings this action under the authority of 42 U.S.C. § 1983 and 28 U.S.C. § 1332, seeking monetary damages and injunctive and declaratory relief for alleged constitutional violations. He has named more than 79 defendants in Oklahoma, Texas, and Arkansas.[1]

Plaintiff alleges that on or about April 1994 the defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-65 ("RICO"), by aiding and abetting felonies, misprison of felonies, conspiring to comment felonies, misbehavior of court officials, covering up felonies, and disclosing confidential information regarding felonies.

Plaintiff further alleges that on or about July 12, 1994, the defendants conspired to murder Danny Lindsey, plaintiff's brother, while the brother was traveling between Texas

---

[1] On July 10, 2002, plaintiff voluntarily dismissed 47 defendants [Docket #2].

and Oklahoma. Plaintiff claims his brother's mutilated body was found in Love County, Oklahoma. Plaintiff also alleges that on or about August 4, 1999, the defendants conspired to murder him in Carter County, Oklahoma, by blocking the highway with an 18-wheeler and attempting to run him down at a high rate of speed with another 18-wheeler. He further asserts that on November 4, 1999, the defendants again conspired to murder him in Carter County, by ramming with an 18-wheeler the trailer he was towing.

Plaintiff next alleges that on or about December 15, 2001, when he arrived to visit his mother Flora Woods at Mercy Hospital in Ardmore, Oklahoma, he found a group of staff and visitors in the process of murdering her. He asserts certain defendants conspired to kill his mother by depriving her of glucose and saline while simultaneously overdosing her on morphine. Included in the group of at least 20 active participants in the attempted murder were Defendants Chucky, described as a big, stocky boy, Clude Woods' aunt Novella, Christy Aycox, and her mother Kim Aycox. Plaintiff claims he saved his mother by alerting the defendants' supervisors. He also maintains that on or about November 15, 2001, Defendant Dr. Troop participated in a RICO conspiracy to murder plaintiff's mother at Mercy Hospital by surgically implanting a hip replacement that had been slathered with bacteria, causing a staph infection in her right leg. He contends that on or about January 29, 2002, Defendants Chucky, Janet Aycox, Kim Aycox, and a dark-haired, chubby nurse conspired to murder his mother by enlarging her existing wounds and causing severe bleeding until she was left brain dead and with kidney failure which caused her death.

Plaintiff alleges that on or about July 4, 1997, he contacted the head counsel for the United States Attorney's Office and Agent Jean of the Federal Bureau of Investigation in Oklahoma City. He complained that the M & M Fencing Company of Ardmore had been

2

involved in the RICO contract killing of plaintiff's brother Danny Lindsey. The federal officials did nothing except inform the defendants that plaintiff knew about their involvement in Danny's murder, which ultimately led to the murder of plaintiff's mother. He further maintains that these federal officials orchestrated both murders and hoped to have plaintiff murdered or hidden away in a prison or mental hospital to cover their involvement in the crimes. Plaintiff also claims that Richard Huff, Co-Director of the FBI in Washington, DC, affirmed the rights of the defendants to commit these acts.

## Defendant M & M Fence Company

D & D Fencing has filed a Motion to Dismiss [Docket #31], alleging D & D Fence Company was served with a summons for "M & M Fence Company et. al aka D & D Fencing." D & D Fencing alleges it never has done business as M & M Fence Company, D & D Fencing is not listed as a defendant in the caption of the complaint, and plaintiff did not state any claim or demand against D & D Fencing.

Plaintiff has filed a "Motion to Qwash" [sic] D & D's Motion to Dismiss [Docket #51]. He contends D & D, M & M, Quality, and Dandey Fencing all are names for the "same old mafia front fencing co.," and maintains "every time they make a killing--they change their name."

## Defendant Brown Crime Family's Motion to Dismiss

Defendant Joe D. Brown has filed motions to quash service [Docket #35] and to dismiss [Docket #36 and #101], alleging service was not made in accordance with Fed. R. Civ. Pro. 4, plaintiff has failed to state a claim upon which relief may be granted, and the petition makes only redundant, impertinent, scandalous, and conclusory allegations. Plaintiff's response to the motions [Docket #50] alleges this defendant was "lawfully served

3

at his mafia front main headquarters construction co." Plaintiff contends Brown participated in a conspiracy to commit a RICO murder.

## Defendant Tyson Crime Family

Defendant Don Tyson has filed a motion to dismiss [Docket 38], alleging the court lacks subject matter jurisdiction under 28 U.S.C. § 1332, because the amount in controversy does not exceed $75,000, and there is not complete diversity of citizenship. Defendant Tyson further asserts plaintiff has failed to allege any specific conduct attributable to Tyson.

## Defendants Mercy Memorial Health Center, Inc., Bob Thompson, and Kim Aycock

Defendants Mercy Memorial Health Center, Inc., Bob Thompson, and Kim Aycock have filed a motion to dismiss [Docket #43], alleging plaintiff's allegations are conclusory and fail to assert what actions these defendants performed, and the complaint does not meet the minimum pleading requirements. These defendants further allege RICO does not allow a civil cause of action by a citizen for murder, and plaintiff has not shown how they were involved in a murder conspiracy.

## Defendant Bell Wrecker

Defendant Bell Wrecker and Salvage ("Bell") has filed a motion to dismiss [Docket #46], alleging the court does not have personal jurisdiction over this defendant, because plaintiff has failed to demonstrate Bell or its employees deprived plaintiff of a constitutional right under color of state law. Bell also asserts there is no diversity jurisdiction, since plaintiff and Bell both are citizens of the State of Oklahoma. Bell further maintains plaintiff's allegations of a conspiracy are mere conclusions which are insufficient under the pleading requirements of the Federal Rules of Civil Procedure. In addition, Bell claims plaintiff's First, Second, Third, and Seventh causes of action are barred by the statute of

4

limitations.

### Defendants Carter County Sheriff, Sheriff Department of Love County, Carter County Deputy Known as "Hoss," Carter County Undersheriff Known as "Earl," and Harvey Burkhart

These defendants also have filed a motion to dismiss [Docket #47], alleging plaintiff's generalized grievances and conclusory accusations do not meet the requirements of Fed. R. Civ. Pro. 8(a). In addition, the defendants maintain plaintiff's complaint reveals no logical relationship between the causes of action and the acts or omissions plaintiff attributes to them.

### Defendant Heartland Nursing Homes

Defendant Heartland Nursing Homes has filed a motion to dismiss [Docket #48], alleging plaintiff has failed to state a cause of action upon which he can recover, and lack of personal and subject matter jurisdiction.

### Defendants Great West Casualty Company and Bullock's Express Transportation, Inc.

Defendants Great West Casualty Company and Bullock's Express Transportation, Inc. have filed motions to dismiss [Docket #53 and #54], alleging lack of proper service, and the complaint is vague and ambiguous.

### Defendants Ron Read and Wal-Mart Stores, Inc.

Defendants Ron Reed and Wal-Mart Stores, Inc. also have moved for dismissal of the action [Docket #56]. Although Robert Reed is an assistant manager of Wal-Mart in Ardmore, Oklahoma, he denies being a member of a crime family. These defendants assert the complaint was not properly served, and the acts of which plaintiff complains are barred by the statute of limitations, because the alleged acts occurred in 1994 and 1999.

### Defendant Dr. J. Keith Troop

Defendant Dr. J. Keith Troop has moved for dismissal [Docket #67], alleging he is not a state actor for purposes of any federal constitutional or statutory claims. Dr. Troop performed hip replacement surgery on Flora Woods on November 29, 2001, at Mercy Memorial Health Center in Ardmore, Oklahoma. According to Dr. Troop, Ms. Woods was admitted to the hospital the previous night with a fractured right hip. Although the surgery was successful, she began to have drainage from the surgical site about two weeks later. On December 17, 2001, she was hospitalized again with an extensive infection. Despite additional surgery and aggressive antibiotic therapy, on January 14, 2002, she died from complications of the infection and the additional surgery.

### Defendants FBI and Federal Defendants

Defendant Federal Bureau of Investigation has filed a motion to dismiss [Docket #87], alleging plaintiff's claims are barred by the doctrine of sovereign immunity, plaintiff has failed to proceed properly under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), or to state a claim, and the defendants are immune under the doctrine of sovereign immunity.

### Standard

In assessing defendants' motions to dismiss under Rule 12 (b)(6) for failure to state a claim, the court notes that dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988). Plaintiff's factual allegations in the complaint are taken as true, and they are interpreted in a light most favorable to plaintiff. *Brower v. County of Inyo*, 489

6

U.S. 593, 598 (1989); *Northington v. Jackson*, 973 F.2d 1518, 1522 (10th Cir. 1992). Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and plaintiff must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* With these standards in mind, the court turns to the merits of defendants' motion.

## Statute of Limitations

Plaintiff contends the alleged conspiracy began around 1994, but it is ongoing to the present [Docket #1 at 8; Docket #62 at 2]. In Oklahoma the statute of limitations for civil rights causes of actions pursuant to 42 U.S.C. § 1983 is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). The same limitation period applies to an action against federal officials pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994).

This action was filed on April 16, 2002. Plaintiff argues the doctrine of laches should be applied to this case, but he misunderstands the principle. Laches is an equitable *defense* to an action, *Jicarilla Apache Tribe v. Andrus*, 687 F.2d 1324, 1337 (10th Cir.1982), not a means of tolling the statute of limitation. Therefore, any claims arising prior to April 17,

7

2000, are barred.

## RICO Claims

Plaintiff claims the defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-65 ("RICO"). However, "[a] private RICO claim can only be brought by a plaintiff claiming a personal injury arising from the use or investment of racketeering income, *see Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147,1149 (10th Cir. 1989), and [plaintiff] has alleged no such injury." *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998). Therefore, plaintiff's RICO claims fail.

## State Action

To state a claim under 42 U.S.C. § 1983, plaintiff must show a defendant acted under color of state law. Although plaintiff's claims are premised on the allegation of a vast conspiracy which includes state actors, he has failed to demonstrate actual state action by the defendants who are not officials of the state.

In addition, to the extent any defendants are sued in their official capacities as state officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

## Conspiracy

Plaintiff contends the defendants are involved in a wide conspiracy to murder him and his family members. However, conclusory allegations of a conspiracy will not suffice. *Wise*

8

*v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981). In order for a plaintiff to recover on a conspiracy claim under §1983, he must establish an actual deprivation of his rights, in addition to proving that a conspiracy actually exists. *Dixon v. City of Lawton*, 898 F.2d 1443 (10th Cir. 1990). Plaintiff has failed to meet this burden of providing evidence to support his claim.

## Personal Participation

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Further, "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability." *Polk County v. Dodson*, 454 U.S. 312, 453-54 (1981). Here, plaintiff has failed to allege the personal participation of all named defendants. While he does name allege certain individuals who allegedly conspired to kill his mother, he has failed to demonstrate an actual conspiracy or that those persons acted under color of state law.

## Federal Defendants

Plaintiff names the FBI, United States Attorney's Office, Department of Justice, Agent Jean, Head Counsel Rodgers, and Co-Director Huff as federal defendants. However, he does not assert claims against these defendants individually or allege they were acting outside the scope of their employment.

"When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) (citations omitted). Further, "[i]t is well settled that the United States

9

and its employees, sued in their official capacities, are immune from suit, unless sovereign immunity has been waived." *Id.* (citations omitted). Any waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Here, the plaintiff has failed to identify a waiver of sovereign immunity that would invoke the jurisdiction of this court.

The Federal Tort Claims Act, (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, provides the exclusive remedy for tort actions against the federal government, its agencies, and employees. *Ascot Dinner Theatre v. Small Business Admin.*, 887 F.2d 1024, 1028 (10th Cir.1989). As a jurisdictional prerequisite to a FTCA action, an administrative claim must be submitted to the federal agency employing the individual whose act or omission caused the injury. 28 U.S.C. § 2675(a). Plaintiff has failed to show he has complied with the administrative claim requirement, and he has not alleged exhaustion of remedies pursuant to 28 U.S.C. § 2675(a).

To the extent plaintiff is asserting claim pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the federal defendants allege they are shielded from individual liability for civil damages by qualified immunity. An official is entitled to qualified immunity if "a reasonable officer could have believed [his actions] to be lawful, in light of clearly established law and the information the [acting officer] . . . possessed." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). Here, plaintiff has asserted vague and conclusory claims that his rights, his brother's rights, and his mother's rights were violated. The court finds these unsupported allegations fail to set forth a violation of clearly established statutory law. *See Davis v. Scherer*, 468 U.S. 183, 197 (1984). Therefore, he is precluded from alleging a *Bivens* claim against the defendants in their individual capacities.

10

## Conclusion

The court has carefully reviewed the record and construed plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). However, based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971).

ACCORDINGLY, this action is, in all respects, DISMISSED pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief may be granted. All pending motions are overruled as moot.

IT IS SO ORDERED this __12__ day of February 2003.


JAMES H. PAYNE
UNITED STATES DISTRICT JUDGE

11